UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD W. CAGE,

    Plaintiff,

v.                                            Case No. 11-CV-12318
                                                HON. MARK A. GOLDSMITH
MICHIGAN DEP'T OF CORR., ET AL.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT

Michigan state prisoner Harold W. Cage has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Docket Entry 1) and an application to proceed in forma pauperis under 28 U.S.C. § 1915(a), seeking exemption of the prepayment of the filing fee for this action.  Plaintiff names the Michigan Department of Corrections and 62 of its employees as defendants.  The complaint raises claims of cruel and unusual punishment, violation of the doctor-patient privilege, improper and inadequate past medical care, retaliation and discrimination, conspiracy, failure to train employees, denial of access to grievance procedures and to the court, and the failure to investigate improper conduct.  Plaintiff seeks monetary damages and injunctive and declaratory relief.

Under 28 U.S.C. § 1915(g), a prisoner is prevented from proceeding in forma pauperis in a civil action under certain circumstances.  The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section,

1

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" provision allows the Court to deny an application to proceed in forma pauperis, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. Additionally, in such a case, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court. He has filed at least three prior civil rights complaints that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See, e.g., Cage v. Kent County Correctional Facility, et al., No. 5:95-cv-00106 (W.D. Mich. Aug. 28, 1995); Cage v. Kent County Correctional Facility, No. 1:95-cv-00179 (W.D. Mich. Sept. 14, 1995); Cage v. Kent County Correctional Facility, et al., No. 1:95-cv-00433 (W.D. Mich. Aug. 14, 1995). Plaintiff also has received notice that he is a three-striker, and has had several cases dismissed under 28 U.S.C. § 1915(g). See, e.g., Cage v. St. Mary's Hospital, No. 09-645 (W.D. Mich. Sept. 4, 2009); Cage v. Michigan Dep't of Corr., No. 08-913 (W.D. Mich. Jan. 14, 2009); Cage v. Attorney Grievance Commission, No. 07-13817 (E.D. Mich. Dec. 6, 2007); Cage v. Miller, No. 01-10207 (E.D. Mich. Sept. 20, 2001).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28

U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed in forma pauperis. Vandiver v. Vasbinder, No. 08-2602, 2011 WL 1105652, *2 (6th Cir. Mar. 28, 2011).

Plaintiff's complaint does not allege that he is under "imminent danger of serious physical injury." The claims arising from his medical care involve past events and his remaining claims do not concern his physical condition. See Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception). He also has other federal cases pending concerning his medical care. Plaintiff has failed to show that he should be permitted to proceed in forma pauperis despite the fact that he is a three-striker.

Accordingly, the Court denies Plaintiff's application for leave to proceed without prepayment of the filing fee and dismisses the complaint. This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

It is so ordered.

Dated: July 25, 2011                           s/Mark A. Goldsmith
      Flint, Michigan                       MARK A. GOLDSMITH
                                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2011.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager